IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Howard, | ) C.A. No.: 2:12-cv-2409-DCN-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Stephen Fuller, Chuck Lister, Steve Adwell, Shawn Brown, and David Cummins, | ) |
| Defendants. | ) |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On January 10, 2013, Defendants filed a Motion to Dismiss and/or File Responsive Pleadings Out of Time. (Dkt. No. 19.) At approximately the same time, Plaintiff filed a Motion for Preliminary Injunction. (Dkt. No. 21.) Then, on April 2, 2013, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 38.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The undersigned will address the motions in turn.

**A. Motion to Dismiss and/or File Responsive Pleadings Out of Time (Dkt. No. 19)**

As noted above, Defendants filed a Motion to Dismiss and/or File Responsive Pleadings Out of Time. (Dkt. No. 19.) In that motion, In that motion, Defendants contended that service was improper and therefore sought dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. No. 19 at 1.) Defendants noted that Ronald Lawrenz, the Columbia Regional Care Center's Facility Administrator, was listed on the Process Receipt and Return for all five Defendants. (Id.; see also Dkt. No. 10.) Defendants stated,

> [S]erving Lawrenz with the Summons and Complaint via certified mail is insufficient under South Carolina law. The Process Receipt and Return, Form USM-285 (ECF Docket No. 18) indicates service was made via certified mail, but it was not made via "certified mail, return receipt requested and delivery restricted to the addressee" as required by Rule 4(d)(8) of the South Carolina Rules of Civil Procedure.

(Dkt. No. 19 at 2-3.)

After Defendants filed the Motion to Dismiss and/or File Responsive Pleadings Out of Time (Dkt. No. 19), Defendants Adwell, Lister, and Fuller executed a Waiver of Service (Dkt. No. 25).

On February 12, 2013, the undersigned issued an Order requiring the United States Marshal Service to serve a corrected summons on Defendants Brown and Cummins. (See Dkt. No. 30.) That Order stated, *inter alia*, that re-service was required because service of process was not proper. (See Dkt. No. 30.)

Although the original service of process was improper, all Defendants have now filed an Answer. (See Dkt. No. 35; Dkt. No. 47; Dkt. No. 51.)[1] It is therefore RECOMMENDED that Defendants' Motion to Dismiss and/or File Responsive Pleadings Out of Time (Dkt. No. 19) be DISMISSED as moot.

**B. Motion for Preliminary Injunction (Dkt. No. 21)**

Plaintiff filed a Motion for Preliminary Injunction (Dkt. No. 21) on or about January 3, 2013. (Dkt. No. 21.) Defendants filed their Response in Opposition to the motion on January 30, 2013. (Dkt. No. 27.)

---

[1] On April 25, 2013, Defendant Brown filed an Amended Answer, wherein Brown included the defense of improper service. (Dkt. No. 51.) Defendant Brown certainly has notice of the instant suit and may be attempting to thwart service of process. (See Dkt. No. 50.) Plaintiff is incarcerated and has properly identified this defendant. Accordingly, the undersigned would not recommend dismissal of this defendant based on defective service of process, particularly when it appears Defendant Brown is attempting to avoid service. Instead the undersigned would simply again order re-service, should that be necessary.

Plaintiff asks the Court to grant him a "preliminary injunction/restraining order" against Defendants. (Dkt. No. 21 at 2 of 3.) Plaintiff, housed at the Columbia Regional Care Center at the time he filed his motion, requested that he be remanded back to the South Carolina Department of Corrections. (Dkt. No. 21 at 1 of 3.) Plaintiff complains, *inter alia*, that Defendants have threatened his life if he does not keep "quiet of the 1st attack". (Dkt. No. 21-1.) In Plaintiff's Complaint, filed on or about August 21, 2012, Plaintiff alleges that he suffered several blows to the face which resulted in a broken nose. (Dkt. No. 1 at 5 of 7.) Plaintiff states that he fears for his safety. (Dkt. No. 21.)

Defendants ask that Plaintiff's motion be denied because he "has failed to meet his burden of proof for obtaining the extraordinary remedy of a preliminary injunction" and because Plaintiff has failed to establish the four necessary elements for a preliminary injunction by not offering any competent evidence to support the relief requested in his motion. (Dkt. No. 27 at 3 of 5.)

The undersigned recommends that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 21) be denied. To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff has not established these four factors outlined in Winter or even addressed them. Plaintiff has not shown that he is likely to succeed on the merits; as Defendants note, the motion fails to provide competent evidence to support his motion. Nor has Plaintiff shown that the balance of

equities tips in his favor or that an injunction is in the public interest. See Kendrick v. Bland, 740 F.2d 432, 438 n.3 (6th Cir. 1984) (where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting); see also Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

Because Plaintiff has not shown all four Winter factors, the undersigned recommends denying Plaintiff's Motion for Preliminary Injunction. See Winter, 555 U.S. at 20; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))); Z-Man Fishing Prods., Inc. v. Renosky, 790 F. Supp. 2d 418, 434 (D.S.C. 2011) (denying TRO for failure to meet all four elements as outlined in Winter). In addition, Plaintiff's motion should be denied because it appears that Plaintiff is no longer incarcerated at the Columbia Regional Care Center; he is currently housed at the Kirkland Infirmary. (Dkt. No. 44.)

**C. Motion to Dismiss for Lack of Prosecution (Dkt. No. 38)**

On April 2, 2013, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 38.) In this motion, Defendants seek dismissal, contending that Plaintiff failed to follow the undersigned's Order to keep the Clerk of Court informed in writing of any address changes. (See Dkt. No. 38.) Defendants state that Plaintiff was discharged from the Columbia Regional Care Center to the South Carolina Department of Corrections in March of 2013, but Plaintiff failed to notify the Clerk of Court of this change of address. (Dkt. No. 38.) Defendants attached a returned mailing to their motion. (See Dkt. No. 38-1.)

Since the time Defendants filed their Motion to Dismiss for Lack of Prosecution (Dkt. No. 38), Plaintiff filed a Notice of Change of Address. (Dkt. No. 44.)

In light of Plaintiff's Notice of Change of Address (Dkt. No. 44), the undersigned recommends denying Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. No. 38).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendants' Motion to Dismiss and/or File Responsive Pleadings Out of Time (Dkt. No. 19) be DISMISSED as moot. It is further RECOMMENDED that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 21) be DENIED, and that Defendants' Motion to Dismiss for Lack of Prosecution (Dkt. No. 38) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 14, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).